# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EARL LEE BLEVINS, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of the Social )<br>Security Administration, )<br>)<br>        Defendant. ) | Case No. CIV-15-159-SPS |

## OPINION AND ORDER

The claimant Earl Lee Blevins requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision is hereby REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born December 28, 1961, and was fifty-one years old at the time of the most recent administrative hearing (Tr. 819). He completed the eleventh grade, and has worked as a groundskeeper and material handler (Tr. 805). The claimant alleges he has been unable to work since August 1, 2005, due to morbid obesity and high blood pressure (Tr. 123).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on August 22, 2006. His applications were denied. ALJ Michael A. Kirkpatrick held an administrative hearing and found that the claimant was not disabled in a written opinion dated May 11, 2009 (Tr. 9-20). The Appeals Council denied review, but this Court reversed the ALJ's decision in Case No. CIV-09-304-KEW, and remanded the case to the ALJ on March 23, 2011 (Tr. 496-508). On April 23, 2009, the claimant had filed subsequent Title II and Title XVI applications, which were denied. ALJ Kirkpatrick held an administrative hearing and again determined in a written decision dated September 1, 2010 that the claimant was not disabled for the period beginning March 12, 2009 (Tr. 477-488). Having received this Court's March 2011 remand, the Appeals Council consolidated the claimant's applications and remanded the case to an ALJ for further proceedings on April

4, 2011 (Tr. 495). On remand, ALJ Kirkpatrick held another administrative hearing and again determined that the claimant was not disabled in a written opinion signed for him by ALJ Osly F. Deramus and dated January 10, 2012 (Tr. 405-418). The Appeals Council once again denied review (Tr. 396-398), and the claimant once again appealed to this Court in Case No. CIV-12-327-SPS. Before the case could be heard, the Commissioner moved to remand this case to a different ALJ, and this Court granted the motion to remand on April 17, 2013 (Tr. 881-883). On May 3, 2013, the Appeals Council vacated the earlier ALJ decisions and remanded the case to an ALJ with a number of instructions, including an instruction to update the record (Tr. 886-888). On remand, ALJ Bernard Porter held an administrative hearing and again determined that the claimant was not disabled in a written decision dated January 31, 2014 (Tr. 783-807). On February 25, 2015, the Appeals Council again denied review (Tr. 768-771). The claimant timely appealed, and ALJ Porter's 2014 decision therefore represents the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

ALJ Porter made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform less than the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), *i. e.*, he could lift/carry twenty pounds occasionally and ten pound frequently, stand/walk/sit six hours total during an eight-hour workday. Additionally, the ALJ determined that the claimant could occasionally operate foot controls, climb ramps and stairs, and kneel; that he could

frequently balance, stoop, and crouch; that he could never climb ladders or scaffolds, crawl, work around unprotected heights and moving mechanical parts; and that he should avoid concentrated exposure to humidity or wetness, any environments where there are temperature extremes, and any concentrated exposure to dust, fumes, or gases. Finally, the ALJ found that the claimant needed a sit/stand option which allowed for a change in position at least every thirty minutes. The ALJ imposed the additional limitations of simple tasks and simple work-related decisions; frequent interaction with supervisors, coworkers, and the public; and, due to episodic symptomatology, being off task 5% of the workday and possibly missing up to one day of work each month (Tr. 789). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform, *e. g.*, self-service door attendant and cashier II (Tr. 805-806).

## Review

The claimant argues that the ALJ erred by: (i) violating his procedural due process rights in relying on evidence not part of the record until this appeal, and (ii) failing to properly evaluate his RFC. The Court agrees with the claimant's first contention, and the Commissioner's decision must therefore be reversed and the case remanded for further proceedings.

This Court instructed the ALJ in its most recent remand order to "make sure that all exhibits are properly admitted into and included in the administrative record." (Tr. 881-882). Furthermore, the Appeals Council specifically directed the ALJ on remand to update the record because the previous ALJ had discussed evidence not

5

admitted into the record (Tr. 886-887). At the most recent administrative hearing, held November 12, 2013, the ALJ discussed what exhibits had been entered in the record, and recited what records were admitted (Tr. 817-818). This did not include a number of exhibits from the claimant's subsequent 2010 applications for benefits. These exhibits were not made a part of the official record until the administrative record was filed with this Court on October 1, 2015, at which time a "Supplemental Certification" was filed stating that they were part of the 2010 application and "are relevant, as the current decision considers the period of time beginning in August 2005. *It was not available when the record . . . was certified on May 20, 2014.*" *See* Docket No. 20, Ex. 9 (emphasis added). Nevertheless, the ALJ referred to these exhibits, particularly Tr. 1204-1207, 1218-1224, 1227-1230, 12556-1259, 1261-1267, in his written decision (Tr. 793-805). The Commissioner argues that: (i) because Council was surely aware of these records and an ALJ has reviewed this evidence previously, there is no due process violation; and (ii) because *this Court* has received a supplemental record, it is able to conduct a full review. This misstates the law. *See Timmons v. Colvin*, 2013 WL 1288647, at *3 (W.D. Okla. Feb. 26, 2013) ("The record establishes that the ALJ did in fact consider and rely on prior medical evidence which was never made a part of the current record and in doing so committed legal error."), *citing Allison v. Heckler*, 711 F.2d 145, 147 (10th Cir. 1983); *Nelson v. Apfel*, 131 F.3d 1228, 1236 (7th Cit. 1997); *Albalos v. Sullivan*, 907 F.2d 871, 874 (9th Cir. 1990); *Green v. Shalala*, 1994 WL 60384, at *3 (10th Cir. 1994) ; and *Myers v. Astrue*, 870 F. Supp. 2d 1164, 1170 (D. Colo. 2012). *See also Upton v. Astrue*, 2011 WL 1211525, at *1 n.1 (W.D. Okla.

March 28, 2011) ("Magistrate Judge Couch noted that Dr. Al-Khouri's report dated February 14, 2008, was not included in the administrative record and thus, could not be considered. She urged the parties, "[t]o the extent the opinion of Dr. . . . Al-Khouri is material to the disability determination, on remand, . . . [to] consider making Dr. Al-Khouri's opinion part of the record so that the Commissioner may properly consider it in making the disability determination."). Moreover, the haphazard and disorganized construction of this Supplemental Record leaves it entirely unclear as to whether it contains the rest of the evidence from *all* of the claimant's applications that must be considered. *See generally*, Tr. 1037-1407.

The Court recognizes that the claimant also argues that the ALJ erred in formulating his RFC. For example, although the ALJ found that the claimant's COPD was a severe impairment, he nevertheless stated at step four that "[t]he file indicates no longitudinal COPD diagnosis" (Tr. 793). *See Timmons v. Barnhart*, 118 Fed. Appx. 349, 353 (10th Cir. 2004) (finding the ALJ should have "explained how a 'severe' impairment at step two became 'insignificant' at step five.") [unpublished opinion]. Nevertheless, because the Court is reversing on the claimant's first argument, "[w]e will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003). In light of the number of remands that have already occurred in this case, as well as the length of time this case has been pending, the Court "acknowledges Claimant's request for a remand with instructions to award benefits," and "declines to remand with an award instruction on this occasion but reserves the right to do so in any future appeal should the

Commissioner fail in the execution of her obligation under the law as blatantly as was done in this latest decision." *Wilkerson v. Colvin*, 2014 WL 1217768, at *4 (E.D. Okla. Feb. 28, 2014). *But see Wilkerson v. Colvin*, 2016 WL 4530625, at *2 ("Here, the Social Security Administration has been given numerous opportunities to properly evaluate the same issue . . . This has taken ten years. . . . Under these circumstances, the undersigned Magistrate Judge finds that additional fact finding would only serve the purpose of delay of the receipt of benefits, and that a ten-year delay involving three appeals to this Court was sufficient time to allow the Social Security Administration to properly adjudicate the Plaintiff's disability application."), *affirmed and adopted by Wilkerson v. Colvin*, 2016 WL 4532119 (E. D. Okla. Aug. 29, 2016) (slip op.).

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 28th day of September, 2016.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**